IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marian F. DeSantis,              :
           Appellant         :
                                :
           v.                :    No. 67 C.D. 2022
                                :
Lenox Place Condominium    :    Argued: February 7, 2023
Association, Inc.             :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: May 5, 2023

On January 21, 2022, Marian F. DeSantis (DeSantis), an owner of a condominium unit in Lenox Place Condominium Association, Inc. (Association), appealed from the December 28, 2021 Order entered by the Court of Common Pleas of Allegheny County (trial court), which denied her motion to reschedule a non-jury trial.

The Association has filed an application to quash the appeal as untimely, arguing that DeSantis failed to appeal the trial court's order dated September 22, 2021, which it contends clearly sustained its preliminary objections and dismissed DeSantis' third amended complaint in its entirety.[1] For the reasons that follow, we deny the Association's application to quash the appeal, vacate the December 28, 2021 order, and remand to the trial court for clarification of its September 22, 2021 Order.

---

[1] By order dated June 13, 2022, we directed the parties to address the application to quash in their briefs.

## I.   FACTUAL AND PROCEDURAL HISTORY

Lenox Place is a condominium community located in Imperial, Pennsylvania. DeSantis is the owner of Unit 111. From August 2015 to March 2017, DeSantis served as a member of the Executive Board of the Association.

The operation of the Association is governed by the By-Laws of the Association for Lenox Place (By-Laws), the Declaration of Condominium for Lenox Place (Declaration), and Pennsylvania's Uniform Condominium Act, 68 Pa. C.S. §§ 3101-3414 (UCA).

DeSantis originally initiated this action in May of 2019 by filing a complaint in the trial court seeking declaratory relief. In response to preliminary objections filed by the Association, DeSantis amended her complaint twice.

### A. Third Amended Complaint – Seven Counts Seeking Injunctive Relief

On December 7, 2020, DeSantis filed a third amended complaint in equity, this time requesting injunctive relief. The third amended complaint included seven counts. (Reproduced Record (R.R.) at 11a-26a.) The factual allegations underlying the complaint are threefold: the Association improperly delegated its check signing function to its managing agent, Acri Commercial Realty, Inc. (Acri), it allowed several unit owners to erect fences, and it erroneously expended common assessment funds for maintenance, repair, and replacements that benefited only certain distinct units. As relief, DeSantis asked the trial court to order the Association to (1) reallocate its expense liabilities, and recalculate and reassess the yearly special assessment; (2) require the owners of Units 204, 219, and 227 to remove their backyard fences at their sole expense; (3) require one officer of the Executive Board to be a signatory on all checks drawn on the Association's bank account; (4) require the Association to keep

2

its records at Lenox Place; and (5) propose for vote by all Lenox Place unit owners an amendment to the By-Laws to establish an alternative dispute resolution procedure.

In Count I for breach of Section 3314(c) of the UCA,[2] breach of Article XI of the Declaration, and breach of Article XVI of the By-Laws, DeSantis alleged that the Association expended general common assessment funds for various maintenance, repair or replacement items which were not general common expenses, and therefore, financially benefited "fewer than all of the units in Lenox Place" and "a few unit owners to the detriment of all other unit owners." (R.R. at 12a-13a.) DeSantis sought to compel the Association to reallocate expense liabilities for all expenditures in calendar years 2017 through 2020 from the general common assessment funds for expenses incurred for the maintenance, repairs, or replacements that benefited individual units or limited common elements appurtenant to individual units. (R.R. at 11a-14a.)

In Count II for breach of Article XI of the Declaration and Article XVI of the By-Laws, DeSantis alleged that the Special Assessment of $500.00 levied upon each unit owner to recover the 2018 budget deficit was a breach of the Declaration and By-Laws, when a Special Assessment of $303.00 would have been sufficient to recover the deficit. DeSantis sought to compel the Association to recalculate and reassess the Special Assessment for the 2018 calendar year budget deficit and to vacate all charges for late fees and interest against DeSantis for the $500.00 Special Assessment. (R.R. at 14a-16a.)

In Count III for violation of Section 3213 of the UCA and Article IV of the Declaration, DeSantis alleged that the Association "unlawfully permitted the owners of Units 204, 219, and 227 to erect and maintain backyard barrier fences to the

---

[2] 68 Pa. C.S. § 3314(c).

detriment of all other unit owners." DeSantis sought to compel the Association to require the removal of backyard barrier fences for Units 204, 219, and 227 at the sole expense of those unit owners. (R.R. at 16a-18a.)

In Count IV for violation of Section 3306 of the UCA and Article XI, Sections 7(C) and 9 of the By-Laws, DeSantis alleged that the checks containing all unit owners' assessment fees, as drawn on the bank account controlled by the Association's managing agent, Acri, lack signatures from officers of the Board. DeSantis sought to compel the Association to require that at least one officer of the Association's Executive Board be a signatory on all checks drawn on the Association's bank account in the control of the Managing Agent, or alternatively, to require the Treasurer of the Board to furnish a bond in accordance with Article XI, Section 7(C) of the By-Laws. (R.R. at 18a-20a.)

In Count V for violation of Section 3306 of the UCA and Section 5508(a) of Pennsylvania Nonprofit Corporation Law of 1988 (NPCL), 15 Pa. C.S. § 5508, and for breach of Articles XI, Section 7(B), 7(C), and XVI, Section 4(G), of the By-Laws, DeSantis alleged that the Association failed to amend the By-Laws to expressly permit the delegation of authority to any managing agent (in this case, Acri) to retain sole custody and control of all of the Association's records and failed to keep all of the Association's records at the office of the Association or at its principal place of business or at its actual business office. DeSantis sought to compel the Association to "keep custody and control of the financial and other records of the [Association] in accordance with the By-Laws, the [UCA], and Section 5508(a) of the [NPCL]." (R.R. at 20a-22a.)

In Count VI, DeSantis alleged that the Board breached its fiduciary duties, codified in Section 3303(a) of UCA, "to all unit owners of Lenox Place" regarding

4

various common assessment fees levied for maintenance purposes. DeSantis sought an order directing the Association to recalculate and reassess the per month common assessment fees for the 2019 and 2020 calendar year budgets.

In Count VII, DeSantis sought punitive damages and attorney fees under Section 3412 of the UCA. (R.R. at 25a-26a.)

### B. The Association's Preliminary Objections

On December 17, 2020, the Association filed preliminary objections to the third amended complaint. (R.R. at 30a-43a.) In its first preliminary objection, the Association objected to the entire pleading pursuant to Pa. R.Civ.P. 1028(a)(2), based on lack of jurisdiction over the subject matter of the action or the person of the defendant, and Pa. R.Civ.P. 1028(a)(5), for non-joinder of necessary parties. The Association asserted that each unit owner would be affected by the relief requested by DeSantis. The Association argued that, therefore, the third amended complaint must be dismissed because all unit owners were not named in the suit. The Association also demurred on separate grounds to individual Counts IV and V.

In its second preliminary objection, the Association demurred to Count IV (alleging that the lack of signature from at least one officer of the Board on all checks drawn on the Association's bank account is a violation of the By-Laws) on the grounds that Acri is an agent of the Association and that pursuant to the Association's By-Laws, the Association can delegate signatory duties to a managing agent.

In its third preliminary objection, the Association demurred to Count V (regarding the location and availability of the Association's records) on the grounds that the By-Laws authorize the Association to contract with Acri to manage its records as long as they are made reasonably available, and that the NPCL does not require that records be kept at any particular location.

5

On August 25, 2021, the trial court heard oral argument on the Association's preliminary objections. The trial court entered an order dated September 22, 2021, which stated:

> AND NOW, to wit, this 22nd day of September, 2021, following an Argument on Defendant's Preliminary Objections and Argument during a Court Status Conference on August 25, 201, the following is hereby **ORDERED**, **ADJUDGED** and **DECREED**:
>
> 1. Upon Review of Defendant's Preliminary Objections, said Objections are sustained;
>
> 2. Count I is hereby dismissed with prejudice;
>
> 3. Count II is hereby dismissed with prejudice;
>
> 4. Count VI is hereby dismissed with prejudice;
>
> 5. Count VII is here by dismissed with prejudice.

(Trial court order, 9/22/21 at 1; R.R. at 151a.)

DeSantis did not file an appeal from the September 22, 2021 Order within 30 days. Instead, she filed a motion for reconsideration on September 27, 2021, arguing that the trial court's dismissal of Counts I, II, VI, and VII was in error because the Association had not requested dismissal of those Counts.

The trial court denied the motion for reconsideration on October 7, 2021. On October 15, 2021, DeSantis filed a motion to reschedule the non-jury trial. In her motion to reschedule the non-jury trial, DeSantis argued that her claims under Counts III, IV, and V "remain unresolved and are ready for trial." (Motion to Reschedule Non-Jury Trial, ¶ 4; R.R. at 195a.)

6

By Order dated December 28, 2021, the trial court denied DeSantis' motion to reschedule the non-jury trial, explaining that "[a]ll claims" were dismissed by its September 22, 2021 Order. (R.R. at 212a.)

On January 21, 2022, DeSantis filed a notice of appeal "from the Order entered in this matter on December 28, 2021." (Notice of Appeal at 1.) In her Concise Statement of Errors Complained of on Appeal, DeSantis argued that (1) the trial court's September 22, 2021 Order failed to overrule the Association's three preliminary objections; (2) the trial court erred by dismissing Counts I, II, VI, and VII because the Association did not specifically object to them; and (3) the trial court erred in denying her motion to reschedule the non-jury trial because Counts III, IV, and V were not expressly dismissed in the September 22, 2021 Order. (DeSantis Brief at 62.)

In the trial court's opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa. R.A.P. 1925(a), the trial court explained that in the September 22, 2021 Order, it "sustained the [Association's] [preliminary objections] under [preliminary objection] number I, which requested dismissal of the Third Amended Complaint under the jurisdictional grounds of failure to join indispensable parties, which was the primary argument for complete dismissal of [DeSantis'] claims against the Association." (Trial Court Opinion, 6/6/22, at 4-5.)

## II.     APPLICATION TO QUASH

As a threshold matter, the Association argues that DeSantis incorrectly appealed the December 28, 2021 Order denying her motion to reschedule the non-jury trial. It asserts that, pursuant to Pa. R.A.P. 903(a), the appeal was required to be filed within 30 days after entry of the trial court's final September 22, 2021 Order because that order dismissed the third amended complaint in its entirety. The Association contends that it is clear from the context of the September 22, 2021 Order that it was

intended to dismiss all claims. It maintains its first preliminary objection expressly argued and requested that the third amended complaint must be dismissed for failure to join indispensable parties, and in the first paragraph of the September 22, 2021 Order, the trial court sustained the Association's preliminary objections.

In response, DeSantis argues that the September 22, 2021 Order did not dismiss the entire complaint but only dismissed Counts I, II, VI, and VII, leaving Counts III, IV, and V unresolved and ready for trial. She maintains that since three of the seven Counts were not explicitly dismissed by the September 22, 2021 Order, that order was not a final order that completely terminated the case.

Both parties have proffered reasonable interpretations of the September 22, 2021 Order. On the one hand, the order could be construed as dismissing the entire complaint. On the other hand, however, it could also be construed as dismissing only Counts I, II, VI, and VII. Accordingly, because there is ambiguity in the September 22, 2021 Order, we vacate the December 28, 2021 order and remand to the trial court to enter an order which clarifies it. If the trial court intended to dismiss the entire complaint, it shall clarify this in a new order. The running of the 30-day appeal period shall run anew from the date of such order.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marian F. DeSantis,
        Appellant

      v.

Lenox Place Condominium
Association, Inc.

:
:
:
:
:
:
:
:
:

No. 67 C.D. 2022

## *ORDER*

AND NOW, this 5th day of May, 2023, the Motion to Quash the Appeal as Untimely filed by Lenox Place Condominium Association, Inc. is DENIED. The December 28, 2021 order is vacated and the matter is remanded to the Court of Common Pleas of Allegheny County (trial court) for the entry of a new order which clarifies the September 22, 2021 Order. If the trial court intended to dismiss the entire complaint, it shall clarify this in a new order. The running of the 30-day appeal period shall run anew from the date of such order.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge